CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
ASIA
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2884
tkessler@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

November 3, 2026

**VIA EMAIL AND ECF**

Honorable Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Rm. 617
New York, NY 10004-1408
wiles.chambers@nysb.uscourts.gov

Re: *In re Braskem America Finance Company*, Case No. 26-12495 (MEW) (Bankr. S.D.N.Y.)

Your Honor:

We write on behalf of Braskem America Finance Company (the "Alleged Debtor") in the above-captioned chapter 11 proceeding (the "Case") to request a pre-motion conference (the "Conference") pursuant to Rule 7037-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

The Alleged Debtor intends to file a motion to dismiss the Involuntary Petition (the "Motion"). At the Conference, the Alleged Debtor will seek entry of a scheduling order that permits sufficient time for limited discovery from FFI Fund, Ltd., FYI Ltd., and Olifant Fund, Ltd. (collectively, the "Petitioning Creditors") in aid of the Motion. The discovery in question is specifically targeted to facts central to well-established bases for the dismissal of involuntary petitions, including the eligibility of the Petitioning Creditors to commence the Case, their compliance with necessary prerequisites under documents governing the relevant debt, and whether the Case was filed in good faith.[1] These bases for dismissal are fact-specific and depend on information solely in the possession of the Petitioning Creditors, necessitating the discovery sought by the Alleged Debtor.

[1] In order to ensure an expedient discovery process, the Alleged Debtor served written discovery requests on October 30, 2026.

Pre-motion discovery would promote judicial economy and benefit all parties. Such discovery would streamline the motion to dismiss process by avoiding successive and unnecessary briefing regarding the viability of the Involuntary Petition.[2] Pre-motion discovery would also ensure that the Court and the parties do not expend more time and resources on this Case than are necessary, especially if the filing of the Involuntary Petition were found to be improper, as the Alleged Debtor believe it was. The schedule proposed below also aligns with the ongoing chapter 15 proceeding before Your Honor, which the Alleged Debtor believes provides an additional basis to dismiss or at a minimum suspend the Case, especially if the Court were to grant the chapter 15 petition.

The Alleged Debtor proposes the following schedule for the Motion and the requested pre-motion discovery:[3]

- **November 10, 2026** – Deadline for Petitioning Creditors' Responses & Objections to Alleged Debtor's already-served written discovery
- **December 4, 2026** – Completion of Petitioning Creditors' document production (rolling basis)
- **January 8, 2027** – Completion of fact discovery, including depositions
- **Seven days after the court's rendering of a determination on recognition in the chapter 15 proceedings[4] (page limit: 30 pages)** – Alleged Debtor's response to the petition
- **Fourteen days after Alleged Debtor files its response to the petition (page limit: 30 pages)** – Petitioning Creditors' opposition brief
- **Seven days after Petitioning Creditors files opposition brief (page limit: 15 pages)** – Alleged Debtor's reply brief
- **Seven days after Alleged Debtor files reply brief or as soon as the Court is available** – Hearing on Alleged Debtor's response to the Involuntary Petition

The Alleged Debtor has conferred with counsel for the Petitioning Creditors regarding the proposed discovery schedule. The Petitioning Creditors indicate that although they are amenable to pre-motion discovery on certain topics, they will not consent to the Alleged Debtor's proposed schedule.

---

[2] The Alleged Debtor understands that the Petitioning Creditors may file a motion to appoint a chapter 11 trustee. Because it is not yet clear that the chapter 11 petition will be accepted by the Court, it would not only be inefficient for the parties to expend time and resources on briefing this matter prior to a decision on the Motion, but also impermissible.

[3] The Alleged Debtor remains willing to consider an alternative timeline for pre-motion discovery and to continue conferring with the Petitioning Creditors on appropriate timing for the discovery deadlines.

[4] Provided that such date is at least seven days after the completion of fact discovery.

Accordingly, the Alleged Debtor respectfully requests that the Court schedule the Conference at the Court's earliest convenience to address the foregoing issues.

Sincerely,



Thomas S. Kessler